UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>                          Plaintiff,<br><br>v.<br><br>MORGAN STANLEY & CO. INCORPORATED,<br><br>                          Defendant. | Civil Action No. 06 0882 |

## CONSENT OF DEFENDANT
## MORGAN STANLEY & CO. INCORPORATED

1.    Defendant Morgan Stanley & Co. Incorporated, ("Defendant") waives service of a summons and the complaint in this action (the "Complaint"), enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.    Without admitting or denying the allegations of the Complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    (a)    permanently restrains and enjoins Defendant from violations of Section 17(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78q(b)] and Exchange Act Rule 17a-4(j) [17 C.F.R. § 240.17a-4(j)]; and

    (b)    orders Defendant to pay a civil penalty in the amount of $15 million pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)],

RECEIVED
MAY 1 0 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

provided, however, that the foregoing payment obligation shall be reduced by any amounts paid by Defendant pursuant to its agreements with NASD and the New York Stock Exchange, Inc. ("NYSE") to pay a total of $5 million in penalties to NASD and NYSE in related proceedings.

3. Defendant agrees that it shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that it shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

4. Defendant agrees to adopt and implement policies and procedures reasonably designed to ensure compliance with Section 17(b) of the Exchange Act and Exchange Act Rule 17a-4(j) concerning the preservation and prompt production of electronic communications requested by representatives of the United States Securities and Exchange Commission ("the Commission"). Defendant agrees to inform the Commission staff, NASD staff and the NYSE staff in writing no later than ninety (90) days after the entry of the Final Judgment that it has adopted and implemented such policies and procedures.

5. Defendant agrees to provide annual training to its employees responsible for preserving or producing electronic communications requested by representatives of the Commission including, but not limited to, employees of Defendant's Law and Information

Technology Divisions. This training shall cover the requirements of Section 17(b) of the Exchange Act and Exchange Act Rule 17a-4(j) and the policies and procedures Defendant has adopted and implemented in compliance with Paragraph 4 of this Consent. Defendant undertakes to commence providing the first such annual training no later than one hundred and fifty (150) days after the entry of the Final Judgment and to complete the first annual training no later than two hundred and forty (240) days after the entry of the Final Judgment. Defendant agrees to videotape any live training sessions conducted during the first annual training.

      6.     Defendant agrees that within one year after the entry of the Final Judgment, it shall retain, at its own expense, an Independent Consultant not unacceptable to the Commission staff. The Independent Consultant will conduct a review of the implementation and effectiveness of the policies, procedures and training referenced in Paragraphs 4 and 5 of this Consent and will provide his or her written recommendations to Defendant identifying improvements necessary to ensure the proper implementation and efficacy of those policies, procedures and training. Defendant agrees that the Independent Consultant's review shall evaluate Defendant's policies, procedures and training over a year period which commences ninety (90) days after the entry of the Final Judgment. Defendant understands and agrees that the Independent Consultant shall prepare a written report ("the Report") setting forth the findings of his or her review and any recommendations. The Report shall be submitted contemporaneously to Defendant, the Commission staff, NASD staff and the NYSE staff, as soon as practical, but in any event, not later than six hundred and thirty (630) days after the entry of the Final Judgment.

7.    Defendant agrees to adopt all of the Independent Consultant's recommendations in the Report; provided, however, that within thirty (30) days of the receipt of the Report, as to any recommendation in the Report which the Defendant believes is unduly burdensome or impractical, Defendant need not adopt that recommendation at that time but agrees to contemporaneously advise the Independent Consultant, the Commission staff, NASD staff and the NYSE staff in writing of its objection to the recommendation and provide an alternative policy, procedure or system designed to achieve the same objective or purpose. The Independent Consultant shall consider the Defendant's objection and proposed alternative and the Defendant and the Independent Consultant shall attempt in good faith to reach an agreement concerning any recommendation to which the Defendant has objected pursuant to this paragraph. Within thirty (30) days of the receipt of the Defendant's objection, the Independent Consultant shall notify the Defendant, the Commission staff, NASD staff and the NYSE staff in writing whether he or she has decided to modify or otherwise change the objected to recommendation. Within two days of receiving the Independent Consultant's notification, the Defendant agrees to inform the Independent Consultant in writing whether it has agreed to adopt or declines to adopt any recommendation or modified or changed recommendation. In the event that the Defendant and the Independent Consultant do not agree concerning the adoption of a recommendation or adoption of a modified or changed recommendation, the Defendant and the Independent Consultant shall promptly, but in no event later than forty (40) days after receipt of the Defendant's objection, petition the District Court to review and resolve their dispute. Defendant and the Independent Consultant shall contemporaneously transmit copies of all pleadings and other documents filed or submitted with the District Court concerning their dispute to the Commission staff, NASD staff and the NYSE staff, and the Commission staff may submit its

views on the dispute by, among other means, filing responsive papers with the District Court. Within ninety (90) days after issuance of the Report, Defendant agrees to submit an affidavit to the Commission staff, NASD staff and the NYSE staff stating that it has implemented any and all recommendations made by the Independent Consultant except for those disputed recommendations which Defendant and the Independent Consultant have petitioned the District Court to review. Within thirty (30) days of the District Court's determination regarding any disputed recommendation, Defendant agrees to submit an affidavit to the Commission staff, NASD staff and the NYSE staff stating that it has adopted and implemented any and all actions required by the District Court.

8. Defendant agrees to cooperate fully with the Independent Consultant and shall grant the Independent Consultant unrestrained access to Defendant's officers, managing directors, executives, associates, employees and agents, as well as its records and documents, including all documents gathered by Defendant, its lawyers, auditors, advisors and agents in connection with investigations conducted by the federal government or any threatened or actual civil litigation.

9. To ensure the independence of the Independent Consultant, Defendant: (i) agrees that it shall not have the authority to terminate the Independent Consultant without prior written approval of the Commission staff, and (ii) agrees that it shall compensate the Independent Consultant, and persons engaged to assist the Independent Consultant including any counsel the Independent Consultant engages to assist in connection with any petition to the District Court as described in paragraph 7 above, for services rendered pursuant to this Consent and the Final Judgment at their reasonable and customary rates.

10. Defendant agrees to require the Independent Consultant to enter into an agreement that provides that, for the period of engagement and for a period of two years from completion of the engagement, the Independent Consultant shall not enter into any employment, consultant, attorney-client, auditing or other professional relationship with Defendant, or any of its present or former affiliates, directors, officers, employees, or agents acting in their capacity as such. The agreement will also provide that any firm with which the Independent Consultant is affiliated or of which the Independent Consultant is a member, and any person engaged to assist the Independent Consultant in performance of his or her duties shall not, without prior written consent of the Commission staff, enter into any employment, consultant, attorney-client, auditing or other professional relationship with Defendant, or any of its present or former affiliates, directors, officers, employees, or agents acting in their capacity as such for the period of the engagement and for a period of two years after the engagement.

11. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

12. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

13. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

14. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

15.     Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

16.     Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

17.     Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this

action, Defendant understands that it shall not be permitted to contest the factual allegations of the complaint in this action.

18.   Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

19.   Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

20. Defendant agrees that it will cooperate fully with the Commission in any and all investigations, litigation or other proceedings relating to or arising from the subject matter of the Complaint and the Commission's investigation of the facts and circumstances which resulted in the Commission's bringing this action and Complaint by undertaking to do the following:

   a. Produce, without service of a notice or subpoena, and without limiting the requirements of paragraph 8 above, any and all non-privileged documents and other information reasonably requested by the Commission's staff;

   b. Use its best efforts to encourage its principals, partners, managing directors, executives, associates, officers, and/or employees to be interviewed by the Commission's staff at such times and places as the staff reasonably may request;

   c. Use its best efforts to encourage its principals, partners, managing directors, executives, associates, officers, and/or employees to appear and testify without service of a notice or subpoena in such investigations, depositions, hearings, proceedings or trials as may be reasonably requested by the Commission staff;

   d. Agree that any notices or subpoenas issued to Defendant in connection with any and all investigations, litigation, or other proceedings relating to or arising from the subject matter of the Complaint and the Commission's investigation of the facts and circumstances which resulted in the Commission's bringing this action and Complaint may be served by regular mail or facsimile transmission on its undersigned attorney at the address set forth beneath his name;

   e. Agree that with respect to such notices and subpoenas referenced in paragraph 21(d) above, Defendant waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules; and

f.  Consent to personal jurisdiction over it in any United States District Court for purposes of enforcing any such subpoena.

21. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

22. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: May 1, 2006

Morgan Stanley & Co. Incorporated

By: _____
Title: Managing Director
Address: 1633 Broadway
New York, NY 10019

On May 1, 2006, Eric F. Grossman, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of MorganStanley as its Representative.

_____
Notary Public
Commission expires: _____

JOHN PLOTNICK
NOTARY PUBLIC, STATE OF NEW YORK
NO. 31-01PL4730133
QUALIFIED IN NEW YORK COUNTY
COMMISSION EXPIRES 1/31/2007

Approved as to form:

_____
Paul V. Gerlach, Esq.,
Attorney for Defendant
Sidley Austin LLP
1501 K Street, N.W.
Washington, D.C. 20549
(202) 736-8582